## Miller v. Miller.

*Divorce—Practice—Trial by jury—No special reason shown—Prejudice to public morals.*

1. Where the court has adopted the practice of appointing masters in divorce, that practice will not be departed from unless some special reason is shown why the issue should be tried by jury.

2. In a suit for divorce, where no special reason therefor has been assigned, and where it appears that trial by jury might prejudice public morals, a petition for such trial will be refused.

Divorce. Rule to show cause why jury trial should not be allowed. C. P. Dauphin Co., March T., 1922, No. 222.

*Beidleman & Hull,* for respondent, for rule.

*James G. Hatz* and *A. W. Johnson,* for libellant, contra.

Fox, J., Jan. 2, 1923.—In this case a petition was presented by the respondent in which she denied the charges as set forth in the libel, and demanded a jury trial to determine the issue. Whereupon a rule was granted upon the libellant to show cause why a jury trial should not be granted; an answer was filed, to which answer was attached a bill of particulars which is full and lengthy, and in which a number of charges are made against the respondent, the trial of which by a jury might prejudice public morals.

This court has adopted the practice of appointing masters, who are to take and hear the evidence, make findings of fact and conclusions of law, and, with recommendation, make report to the court. One of the reasons for so doing is to expedite the work of the court; to enable the court to dispose of cases that should promptly be tried by jury, and unless the petitioner in any divorce case asking for a jury trial shows some special reason why the issue should be tried by jury, we think we should not depart from the practice we have established.

There is no special reason given in the petition why there should be a departure in this case and the issue should be tried by a jury.

Wherefore, we are of the opinion that the rule should be discharged.

And now, Jan. 2, 1923, the prayer of the respondent for a jury trial is denied, for the reason that by the same the public morals might be prejudiced, and for the further reason that it is a departure from the practice now established by this court in like cases.

The case will be referred to a master upon application made by counsel.

The rule is discharged.

From William Jenkins Wilcox, Harrisburg, Pa.